## (June 24, 1938.)

LOUIS KARAMEROS, Appellant, Respondent, *v.* EMMA LUTHER, Also Known as EMMA MONACCHIO, Also Known as EMMA KARAMEROS, Respondent, Appellant.

Present — O'Malley, Untermyer, Dore, Cohn and Callahan, JJ.; O'Malley, J., dissents; dissenting opinion by O'Malley, J.

O'MALLEY, J. (dissenting). The interlocutory decree of divorce in defendant's favor against her former husband was made June 19, 1931, and was entered June 26, 1931. That decree specifically provided that any marriage " by either party * * * prior to the entry of final judgment is absolutely void and bigamous." Final judgment in defendant's favor was not made until March, 1936, but was entered *nunc pro tunc* as of October 21, 1931.

The plaintiff, in this action, seeks to have declared null and void a ceremonial marriage between the parties August 16, 1931, in the State of Connecticut. The record discloses that after this ceremonial marriage the parties immediately returned

to this State and that five days later and on August 21, 1931, defendant went to Greece and did not return until September 20, 1933, during all of which time plaintiff remained in this jurisdiction.

On the foregoing facts it is clear that in 1931 no marriage, ceremonial or at common law, could have taken place between these parties. Any such marriage would not have been valid until the entry of the final decree in defendant's favor against her former husband as of October 21, 1931, at which time and for the balance of the year and longer she was without the jurisdiction, while plaintiff was here.

It is true that in a prior separation action, brought by defendant against the plaintiff in New York county, the decision dismissing defendant's complaint upon the merits contained a finding that the plaintiff and defendant were married in New York county " in the year 1931 " and that no appeal was taken from said judgment.

The judgment in the separation action, because of this particular finding, should not be held *res judicata* against the plaintiff on the question of marriage between the parties to this action under the circumstances. Moreover, an adjudication of marriage was not absolutely required in the separation action, since the trial justice found that, irrespective of marriage, this defendant had not made out a cause of action against the plaintiff herein.

It follows, therefore, that the judgment, in so far as appealed from by the defendant, should be affirmed, and should be reversed in so far as appealed from by the plaintiff, and judgment should be granted to plaintiff in so far as prayed for in the complaint.